UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

SHAWN PLAIR,

Plaintiff,

    -against-

CITY OF NEW YORK, MANUEL SEPULVEDA, Individually,
HENRY CHERNYAVSKY, Individually, JAMES CAPPER,
Individually, MISHIEL SANTOS, ALFRED LOBAITO,
Individually, MICHAEL PARISI, Individually, SCOTT ZELINSKI,
Individually, and JOHN and JANE DOE 1 through 10, Individually,
(the names John and Jane Doe being fictitious, as the true names
are presently unknown),

Defendants,

-------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

14 CV 4026
(ARR) (LB)

<u>Jury Trial Demanded</u>

Plaintiff SHAWN PLAIR, by his attorneys, Leventhal & Klein, LLP, complaining of the

defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as

said rights are secured by said statutes and the Constitution of the United States.  Plaintiff also

asserts supplemental state law claims.

<u>**JURISDICTION**</u>

2.      This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff SHAWN PLAIR is a twenty-seven year old African American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants MANUEL SEPULVEDA, HENREY CHERNYAVSKY, JAMES CAPPER, MISHIEL SANTOS, ALFRED LOBAITO, MICHAEL PARISI, SCOTT ZELINSKI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On February 2, 2012, at approximately 6:20 a.m., plaintiff, SHAWN PLAIR, was sleeping in his home located at 185 Park Hill, Apartment 2Z, Staten Island New York, when defendant officers including, but not limited to, MANUEL SEPULVEDA, HENRY CHERNYAVSKY, JAMES CAPPER, MISHIEL SANTOS, ALFRED LOBAITO, MICHAEL PARISI, SCOTT ZELINSKI, and JOHN and JANE DOE 1 through 10 entered plaintiff's home.

13.     Plair was immediately arrested without probable cause.

14.     Defendant officers MANUEL SEPULVEDA, HENRY CHERNYAVSKY, JAMES CAPPER, MISHIEL SANTOS, ALFRED LOBAITO, MICHAEL PARISI, SCOTT ZELINSKI, and JOHN and JANE DOE 1 through 10 thereafter participated in searching plaintiff's home.

15.     Despite the fact that no contraband was recovered pursuant to said search and that the defendant officers otherwise lacked probable cause to arrest plaintiff, PLAIR was imprisoned in a police vehicle and transported in police custody to the 120th Precinct Stationhouse where he remained locked up and not otherwise free to leave.

16.     The defendant officers continued to imprison PLAIR, or otherwise cause PLAIR to be imprisoned, until February 3, 2012, when plaintiff was arraigned in Richmond County

3

Criminal Court on baseless charges filed under docket number 2012RI001056; said charges having been sworn to by defendant SEPULVEDA.

17.    The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against PLAIR for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice.

18.    Defendant SEPULVEDA created and manufactured false evidence against PLAIR and caused same to be against plaintiff in said legal proceeding by conveying the false evidence to the Richmond County District Attorney's Office.   Specifically, defendant SEPULVEDA falsely claimed that an illegal knife and a controlled substance were found in PLAIR'S home. These allegations were false.

19.    As a result of the defendants' false allegations, bail was set on PLAIR's case, causing him to be detained on Rikers Island until February 8, 2012.   On that date, PLAIR returned to Richmond County Criminal Court and was released on his own recognizance after the Richmond County District Attorney's Office dismissed the purported controlled substance charges.

20.    Over the course of the next thirteen months, the malicious prosecution compelled PLAIR to nonetheless return to court for eleven additional court appearances.

21.    On April 1, 2013, all the purported charges filed against PLAIR by the defendants were dismissed and sealed in Richmond County Criminal Court on the motion of the Richmond County District Attorney's Office.

22.    Defendants CHERNYAVSKY and CAPPER, who hold the rank of sergeant,

4

supervised defendants SEPULVEDA, SANTOS, LOBAITO, PARISI, ZELINSKI, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrest and prosecution of the plaintiff.

23.    Defendants SEPULVEDA, CHERNYAVSKY, CAPPER, SANTOS, LOBAITO, PARISI, ZELINSKI, and JOHN and JANE DOE 1 through 10 either directly participated in arresting plaintiff, or failed to intervene in the arrest of plaintiff, despite participating in the search of the apartment and knowledge that probable to arrest plaintiff was lacking.

24.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a practice of disproportionately arresting individuals due to discrimination against them based on their race and/or nationality, and/or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and pursuant to a practice of falsification.

25.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, falsely arrest individuals during the execution of search warrants, and/or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and engage in a practice of falsification to cover up their abuse of authority.

26.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW

5

YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28.     As a result of the foregoing, plaintiff SHAWN PLAIR sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§ 1981 and 1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein.

30.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff SHAWN PLAIR, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority

attendant thereto, and with the intent to discriminate on the basis of race.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

35.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
<u>(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)</u>

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Defendants arrested plaintiff SHAWN PLAIR without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

38.     Defendants caused plaintiff SHAWN PLAIR to be falsely arrested and unlawfully imprisoned.

39.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

7

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

40.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHAWN PLAIR.

42.     Defendants caused plaintiff SHAWN PLAIR to be prosecuted without any probable cause until the charges were dismissed on or about April 1, 2013.

43.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendants created false evidence against plaintiff SHAWN PLAIR.

46.     Defendants utilized this false evidence against plaintiff SHAWN PLAIR in legal proceedings.

47.     As a result of defendants' creation and use of false evidence, plaintiff SHAWN PLAIR suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United

8

States Constitution.

48.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants issued criminal process against plaintiff SHAWN PLAIR by causing his arrest and prosecution in Richmond County Criminal Court.

51.     Defendants caused plaintiff SHAWN PLAIR to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and thereby violated plaintiff's right to be free from malicious abuse of process.

52.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants had an affirmative duty to intervene on behalf of plaintiff SHAWN PLAIR, whose constitutional rights were being violated in their presence by other officers.

55.     The defendants failed to intervene to prevent the unlawful conduct described herein.

56.     As a result of the foregoing, plaintiff SHAWN PLAIR' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

57.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
#### (Supervisory Liability under 42 U.S.C. § 1983)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

60.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

61.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

63.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, engaging in a practice falsely arresting individuals during the execution of search warrants, and/or for professional advancement, overtime compensation, and/or other objectives outside the ends of justice, and engaging in a practice of falsification.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff SHAWN PLAIR' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

64.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SHAWN PLAIR.

65.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate

11

cause of the constitutional violations suffered by plaintiff SHAWN PLAIR as alleged herein.

66.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SHAWN PLAIR as alleged herein.

67.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff SHAWN PLAIR was unlawfully arrested and maliciously prosecuted.

68.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SHAWN PLAIR' constitutional rights.

69.     All of the foregoing acts by defendants deprived plaintiff SHAWN PLAIR of federally protected rights, including, but not limited to, the right:

> A.     Not to be deprived of liberty without due process of law;
>
> B.     To be free from false arrest/unlawful imprisonment;
>
> C.     To be free from the failure to intervene;
>
> D.     To be free from malicious prosecution;
>
> E.     To be free from deprivation of his right to fair trial; and
>
> F.     To be free from malicious abuse of process.

70.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

73.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

74.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

75.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

76.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff SHAWN PLAIR.

78.     Defendants caused plaintiff SHAWN PLAIR to be prosecuted without probable cause until the charges were dismissed on or about April 1, 2013.

79.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against

the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

80.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "79" with the same force and effect as if fully set forth herein.

81.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff SHAWN PLAIR.

82.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

83.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

84.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the malicious prosecution of plaintiff SHAWN PLAIR.

14

86.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

87.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

89.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

90.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91.     Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

15

92.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (Violation of N.Y.S. Constitution Article 1 §12)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

95.     As a result of the foregoing, plaintiff SHAWN PLAIR is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff SHAWN PLAIR demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       December 17, 2014

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff SHAWN PLAIR
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

SHAWN PLAIR,

                                                    Plaintiff,

                    -against-

CITY OF NEW YORK, MANUEL SEPULVEDA, Individually,
HENREY CHERNYAVSKY, Individually, JAMES CAPPER,
Individually, MISHIEL SANTOS, and JOHN and JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                                    Defendants.

-------------------------------------------------------------------------------X

14 CV 4026
(ARR) (LB)

## SECOND AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100